**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Hondo Yafeu El,** | ) | **CASE NO. 1: 25 CV 1146** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Judge Paris, et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Hondo Yafeu El has filed a civil complaint in this case pursuant to 42 U.S.C. § 1983 against Judge Papa, Judge Paris, Prosecutor Shorain McGhee, Officer Chow, and the Bedford Heights Municipal Court. (Doc. No. 1.) In his complaint, Plaintiff states he is an "Indigenous Moorish American residing in the Northern District of Ohio" and contends his constitutional and Indigenous rights were violated in connection with a case brought against him in Bedford Municipal Court, in which he has been charged with OVI and failure to control ("case number #23TRC05101, ticket# BH2300927"). (*Id*. at 1, ¶ III.) He seeks declaratory, monetary, and injunctive relief "halt[ing] the municipal court proceedings" against him on the basis he is exempt from prosecution because he "lawfully rescinded his driver's license and registration and operates under the Indigenous right to travel" as recognized under the American Declaration on the Right of Indigenous Peoples ("ADRIP"), Article X and XXI. (*Id*.) He also filed a Motion for a Preliminary Injunction seeking "to immediate halt all further proceedings" against him in Bedford Heights Municipal Court on the basis he is an "Indigenous Moorish-American National, not a U.S. citizen" who is protected under ADRIP and the "Treaty of Peace and Friendship between Morocco and the United States." (Doc. No. 3 at 1.)

Plaintiff did not pay the filing fee in the case, but instead, filed an application to proceed *in forma pauperis*. (Doc No. 2). That application is deficient. Pursuant to 28 U.S.C. § 1915, a court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, and debt that demonstrates the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). Plaintiff did not utilize the Court's form application to proceed *in forma pauperis*, and the application he filed fails to set forth the information concerning his income, assets, debts, and expenses that is required in this Court for determining whether a plaintiff sincerely meets the criteria of poverty.

The Court, however, finds it would be futile to require Plaintiff to cure the deficiency in his *in forma pauperis* application because the Court finds, upon its own review, that Plaintiff's complaint warrants *sua sponte* dismissal.

Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). A federal district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Plaintiff's complaint warrants dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and *Apple v. Glenn.*

Under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44–45 (1971), federal courts must decline to exercise subject matter jurisdiction when doing so would unduly interfere with pending state proceedings involving important state interests unless

extraordinary circumstances are present. Federal court abstention is warranted if: (1) a state proceeding is on-going; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords an adequate opportunity to raise federal concerns. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Here, Plaintiff is clearly asking the Court to interfere with an ongoing state municipal court matter, and all of the *Younger* factors are present. Plaintiff's action pertains to an on-going state-court traffic prosecution, which is of paramount state interest and importance. *See Younger*, 401 U.S. at 44–45. And, Plaintiff has not set forth facts reasonably suggesting that the Bedford Heights Municipal Court cannot or will not provide him an adequate opportunity to raise legitimate federal concerns in the context of that state case. The Court finds no extraordinary basis to, and will not, interfere with or intervene in an on-going state criminal traffic proceeding and finds Plaintiff's complaint warrants dismissal on the basis of *Younger. See Moore v. City of Garfield Heights*, No. 12-cv-1700, 2012 WL 5845369, at * 5 (N.D. Ohio Nov. 19, 2012) (dismissing § 1983 claims arising from municipal court traffic, criminal, and small claims proceedings).

Further, federal courts have repeatedly rejected, as frivolous, claims like Plaintiff's based on "meritless rhetoric frequently espoused by tax protestors, sovereign citizens, and self-proclaimed Moorish-Americans." *Bey v. Weisenburger*, No. 23-3689, 2024 WL 3912829, at *2 (6th Cir. June 5, 2024) (quoting *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017)). Claims by plaintiffs that they are exempt from complying with state or federal laws on the basis of asserted sovereign or "Moorish" citizenship have been "uniformily rejected by federal courts" and "recognized as frivolous and a waste of court resources. " *See Payne v. Kida*,

No. 15-14127, 2016 WL 491847 at *4 (E.D. Mich. Jan. 6, 2016), report and recommendation adopted, No. 15-14127, 2016 WL 465486 (E.D. Mich. Feb. 8, 2016); *see also Banks v. Ryan*, No. 24-cv-2988, 2025 WL 2412166, at *1 (W.D. Tenn. June 25, 2025) (citing cases).

Plaintiff's claims, premised on theories that he is exempt from complying with state traffic laws and/or from state prosecution on the basis that he is an "Indigenous Moorish-American," are based on sovereign citizen or sovereign citizen "adjacent" theories similar to those that courts have found warrant dismissal under *Apple v. Glenn* as "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *See Burnett v. Michigan*, Case No. 1:24-cv-55, 2024 WL 3721741, at *7 (W.D. Mich June 18, 2024), report and recommendation adopted, 2024 WL 3466258 (W.D. Mich. July 19, 2024) (citing cases and recommending dismissal of *pro se* complaint for lack of subject matter jurisdiction pursuant to *Apple v. Glenn* where plaintiff contended she possessed special status as a sovereign and was not subject to federal or state laws),.

## Conclusion

For the foregoing reasons, Plaintiff's motions to proceed *in forma pauperis* (Doc. No. 2) and for preliminary injunctive relief (Doc. No. 3) are denied, and his complaint is dismissed for lack of subject matter jurisdiction pursuant to the *Younger* doctrine and *Apple v. Glenn*, 183 F.3d 477. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/9/25